NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JONATHAN JAMAL JONES, *Appellant*.

No. 1 CA-CR 17-0655
FILED 6-28-2018

Appeal from the Superior Court in Maricopa County
No. CR2017-108432-001 SE
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Jonathan Jamal Jones has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Jones was convicted of disorderly conduct. Jones was given an opportunity to file a supplemental brief in *propria persona*; he has not done so. After reviewing the record, we affirm Jones' conviction and sentence.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Jones. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        On December 10, 2016, Jones checked himself into Honor Health Osborn Medical Center for stomach pains. On December 11, during the course of receiving treatment, Jones started to swear, yell, and otherwise disrupt hospital staff and other patients. Security officers R.H., L.S., and security supervisor J.S. were called to calm Jones down. During the altercation, Jones placed his hand, holding his cell phone, in R.H.'s face, causing R.H. to remove Jones' hand and cell phone from his face. Jones claimed R.H. assaulted him, which resulted in security staff calling police per hospital policy. Throughout the encounter, Jones swore, yelled, and was belligerent and abrasive to staff. Jones then removed an IV from his arm and attempted to leave the hospital, against the medical advice of the nurses.

¶4        Security supervisor J.S. escorted Jones to the first floor, where he was met by police. Jones continued to swear and yell, and refused to provide his name. Due to his behavior, police officers C.L., G.M., and Sergeant C.D., arrested Jones. While attempting to place Jones in a patrol car, Jones kicked C.D. in the leg.

**¶5**        Jones was charged with one count of aggravated assault, a Class 5 felony, against a peace officer, and one count of disorderly conduct, a Class 1 misdemeanor.

**¶6**        At trial, the hospital security officers testified that Jones swore, yelled, and was verbally abusive, disrupting other patients, staff, and hospital visitors.  The officers testified they attempted to calm Jones down but that Jones was uncooperative.  Security officer R.H. testified that Jones' hand came within an inch or two of his face.

**¶7**        Officer C.L. testified he responded to Honor Health for a disturbance.  C.L. testified Jones refused to give him his name, and continued to be disruptive and swear.  Sergeant C.D. testified that Jones swore loudly.  Both C.L. and C.D. testified that Jones kicked C.D., though C.D. stated the kick left no bruise or injury, C.L. testified he did not believe the kick was strong enough to have any force behind it, and officer G.M. testified he believed he witnessed Jones lose his balance rather than kick C.D.

**¶8**        Jones testified he was upset with hospital staff because he was in pain, admitted to cursing and yelling, and stated that hospital security assaulted him by grabbing his phone and told him he had to leave.  Jones testified he did not kick Sergeant C.D., but that he only reacted involuntarily when the officers were trying to restrain him.

**¶9**        At the close of the State's case, Jones moved for a judgment of acquittal, which was denied.  The jury found Jones not guilty as to count one, aggravated assault, but guilty as to count two, disorderly conduct.  The superior court conducted the sentencing hearing in compliance with Jones' constitutional rights and Arizona Rule of Criminal Procedure 26, and sentenced Jones to twelve months' supervised probation.

**¶10**        Jones timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21, 13-4031, and -4033.

## DISCUSSION

**¶11**        We review Jones' conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).  Counsel for Jones has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law.  We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none.  The record reveals counsel

represented Jones at all stages of the proceedings, and all of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. We decline to order briefing and affirm Jones' conviction and sentence.

¶12 Upon the filing of this decision, defense counsel shall inform Jones of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Jones shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶13 For the foregoing reasons, we affirm Jones' conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA